**Frank A. CARTER, Jr., Chief Disciplinary Counsel, Petitioner,**

v.

**Stephen E.S. HEALEY, Respondent.**

No. 79–111–M.P.

Supreme Court of Rhode Island.

Dec. 11, 1985.

## ORDER

This matter comes before the Court on the petition of the respondent Stephen E.S. Healey for reinstatement to active status as a member of the Rhode Island Bar. The respondent, with counsel, appeared before us on September 26, 1985 in support of this petition, and at that time we reserved decision on the matter. We have now reviewed the petition, together with the medical report, and we have carefully considered the comments of respondent and his counsel at the September, 1985 hearing and we conclude that respondent is capable of resuming the practice of law within the limitations as herein set forth:

1. Respondent shall at all times practice law under the direct supervision of John H. Ruginski, Jr. of the Rhode Island Bar whose office is located at 305 South Main Street, Providence, Rhode Island.

2. Respondent's court appearances shall be limited to those matters approved by John H. Ruginski, Jr.

3. John H. Ruginski, Jr. shall furnish this Court with monthly reports of respondent's activities as related to his practice of law and an evaluation thereof. Reports shall commence thirty (30) days from the entry of this order and each thirty (30) days thereafter.

4. Respondent shall abstain from the use of alcohol in any form. Respondent's failure to comply shall result in an order being entered, without further notice, transferring respondent to inactive status.

5. Respondent shall enroll and attend regularly an alcohol rehabilitation program such as Alcoholics Anonymous.

6. Respondent shall remain in regular treatment with a psychiatrist.

7. Respondent shall disclose the name of every psychiatrist, psychologist, physician and hospital or other institution by whom or in which he has been examined or treated during the period this order shall be in effect and respondent waives all doctor/patient privileges with respect to any treatment.

Respondent's capacity to continue in the practice of law shall be reviewed six months from the date of this order at which time respondent shall show cause why this order shall or shall not continue in effect.

These conditions shall remain in effect until further modified by order of this Court.